UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK, NA., et al.,

       Plaintiffs,                       Civil Action No.
                                                 13-CV-12265

vs.

                                                 HON. MARK A. GOLDSMITH

HAROLD D. PLUMMER,

       Defendant.
_____/

## OPINION AND ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) REQUIRING DEFENDANT TO SUBMIT STATE COURT DOCUMENTS, AND (3) REQUIRING DEFENDANT TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is presently before the Court on (i) Defendant's application to proceed in forma pauperis (Dkt. 2) and (ii) the Court's own review of the notice of removal (Dkt. 1). For the reasons that follow, the Court will grant Defendant's application to proceed in forma pauperis, require Defendant to submit all documents filed in state court prior to removal, and require Defendant to file an amended notice of removal.

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915(a)(1), which provides that a federal court "may authorize the commencement . . . of any suit, action, or proceeding . . . by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . ." The Court has reviewed Defendant's application, which states that Defendant is self-employed; receives a total of $800 per month, including Social Security benefits; has a total of $350 in bank accounts; has two cars, one of which is not functioning; and has five children who are dependent on Defendant for support.

1

Application at 1-2 (CM/ECF pagination) (Dkt. 2). The Court is satisfied that Defendant is indigent and that prepayment of the filing fee would cause an undue financial hardship. The Court grants Defendant's application and permits Defendant to file his notice of removal without prepaying the filing fee.

The federal removal statute requires a removing party to attach to the notice of removal "a copy of all process, pleadings, and orders" served in the state court action. 28 U.S.C. § 1446(a). However, there are no state court materials attached to the notice of removal in this case. The Court therefore orders Defendant to submit a copy of the all the papers filed in this matter prior to removal.

Furthermore, removal does not appear to be proper in the instant case, for the following reasons:

1) Under the diversity statute, 28 U.S.C. § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010). Although the civil cover sheet for the notice of removal indicates that the basis for federal jurisdiction is diversity of citizenship, the notice of removal does not allege the citizenships of the parties involved. Without proper allegations of citizenship, the Court is unable to determine whether federal jurisdiction over this case exists.

2) The notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in the state court. 28 U.S.C. § 1446(b)(1). Defendant's notice of removal was filed on May 20, 2013, so the 30-day requirement would be met if Defendant received the complaint on or after April 19, 2013. However, Defendant states that a possession judgment was entered in the state court case on April 23, 2013, and that Defendant filed a motion to set aside the judgment. Based on this schedule, it appears that Defendant may not have received the state court complaint on or after April 19, 2013.

3) In cases where federal court jurisdiction is premised on diversity of citizenship, a defendant may not remove an action if the defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). The notice of removal alleges that the state court case was filed in 53rd District Court in Michigan and, although Defendant does not allege his state of citizenship, he lists, as part of his contact information, a Michigan address. If Defendant is a citizen of Michigan, then removal is not proper.

For the above reasons, the Court orders Defendant to show cause why the case should not be remanded to the 53rd District Court.[1] Defendant's amended notice of removal is due on or before June 10, 2013. If Defendant does not timely and properly allege the citizenship of each party, the Court will remand the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

Dated: May 30, 2013  
Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2013.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager

---

[1] The Court may not sua sponte remand the case based on the deficiencies noted in paragraphs (2) and (3), above. See Page v. City of Southfield, 45 F.3d 128, 133-134 (6th Cir. 1995). If Plaintiffs desire to move for remand based on these procedural defects, an appropriate motion must be filed no later than 30 days after the filing of the removal notice. Id. at 133.

3