UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK, NA., et al.,

                Plaintiffs,                      Civil Action No.
                                                     13-CV-12265

vs.

                                                 HON. MARK A. GOLDSMITH

HAROLD D. PLUMMER,

                Defendant.

_____/

**ORDER GRANTING PLAINTIFF AN ADDITIONAL 21 DAYS TO (1) SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) SUBMIT STATE COURT DOCUMENTS**

On May 20, 2013, Defendant Harold D. Plummer removed this case from the 53rd District Court to this Court (Dkt. 1). On May 30, 2013, the Court issued an Opinion and Order (Dkt. 3) requiring Defendant to (i) show cause why the case should not be remanded for lack of subject matter jurisdiction and (ii) submit all state court documents, which were not attached to the notice of removal, on or before June 10, 2013. On June 10, 2013, Defendant submitted a memorandum (Dkt. 6) seeking a stay of the proceedings for 60 days, to "allow [Defendant] time to show cause regarding jurisdiction, and to submit state court documents." The memorandum states that Defendant's time has been occupied by taking care of his ill son. Id.

The Court construes Defendant's memorandum, which was filed before the expiration of the original deadline, as a motion for extension of time under Federal Rule of Civil Procedure 6(b)(1)(A) ("the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."). Defendant alleges that his "efforts have been stalled" due to taking care of his son, who is "very

sick at this time;" the Court also notes that Defendant is proceeding pro se. The Court concludes that there is sufficient cause to warrant an extension of time. See, e.g., Evans v. Bob Evans Farms, Inc., No. 05-70861, 2005 WL 1684142, at *3 (E.D. Mich. July 15, 2005) ("Considering plaintiff's pro se status, the circumstances underlying his filing of his motion for an extension of time to file a response, and the early stage of this lawsuit, the court finds good cause for granting plaintiff an extension of time to file a response under Rule 6(b)(1) . . . .").

The Court further concludes, however, that an extension of 60 days is not required; instead, the Court affords Defendant a 21-day extension of time. Therefore, Defendant shall show cause why the case should not be remanded for lack of subject matter jurisdiction, and shall submit state court documents, on or before July 8, 2013. If Defendant does not timely and properly demonstrate subject matter jurisdiction, the Court will remand the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).[1]

SO ORDERED.

Dated:  June 17, 2013                     s/Mark A. Goldsmith
        Flint, Michigan                   MARK A. GOLDSMITH
                                          United States District Judge

---

[1] The Court notes that Defendant's memorandum states, "Addressing the matter of Diversity, Wells Fargo in a prior case . . . stated that they are a Nevada, U.S.A. company, and (I) Harold D. Plummer am a resident of Michigan." Memorandum at 1. In the event Defendant seeks to demonstrate that diversity jurisdiction exists, he must show that there exists complete diversity; that is, no party may share the same citizenship with any opposing party. V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010). To demonstrate complete diversity, Defendant must allege the citizenships of all Plaintiffs, not just of Wells Fargo.

Furthermore, Defendant must properly allege the citizenship of each party. The citizenship of a national banking association is the state where its main office, as set forth in its articles of associated, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006). The citizenship of an individual for diversity purposes is his or her state of domicile. Napletana v. Hillsdale College, 385 F.2d 871, 872 (6th Cir. 1967). If the asserted basis for jurisdiction is diversity of citizenship, and if Defendant does not timely and properly allege the citizenship of each party, the Court will remand the case for lack of subject matter jurisdiction under Rule 12(h)(3).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 17, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager